IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. _____ ) |
| v. | ) ) **COMPLAINT** |
| RED BIRD MACHINERY REPAIR, LLC., | ) ) **Jury Trial Demanded** |
| Defendant. | ) ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Shaun Woody who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Red Bird Machinery Repair, LLC., ("Defendant") discriminated against Woody when it terminated his employment in retaliation for engaging in protected activity in violation of 704(a), 42 U.S.C. §2000e-3(a).

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Illinois.

1

PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been an Illinois corporation doing business in the State of Illinois and the City of Eldorado.

5. At all relevant times, Defendant has been an employment agency that procures employees for an employer or procures for employees, opportunities to work for an employer and includes an agent of such person under Section 701(c) of Title VII, 42 U.S.C. § 2000e (c).

ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Shaun Woody filed a charge with the EEOC alleging violations of Title VII by Defendant.

7. On August 29, 2018, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant discriminated against Woody in violation of Title VII by terminating his employment in retaliation for Woody engaging in protected activity.

8. On August 29, 2018, the EEOC issued to Defendant a Letter of Determination inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC and on September 11, 2018, the EEOC issued Defendant a Notice of Failure of Conciliation for Woody's charge.

11. All conditions precedent to the institution of this suit have been fulfilled.

## STATEMENT OF CLAIMS

12. Defendant is an employment agency operating in Illinois.

13. Since at least February 2017, Defendant engaged in unlawful employment practices at its facility in Eldorado, Illinois in violation of Section 704(a), 42 U.S.C. §2000e-3(a) by discriminating against Woody because he participated in protected activity when he made a charge alleging discrimination.

14. Woody worked for Defendant from December 2016 to March 2017 as a miner and/or laborer.

15. As an employment agency, Defendant procured employees for an employer and/or procured for employees, opportunities to work for an employer.

16. Defendant procured Woody to work at a mine owned and operated by a separate employer.

17. During his employment with Defendant, Woody filed an EEOC charge of discrimination against a previous employer in February 2017.

18. Defendant terminated Woody's employment on March 7, 2017 in retaliation for his filing a charge of discrimination. Defendant's reasons for the termination are pretext for discrimination.

19. The effect of the practices complained of in paragraphs 13-18 above, has been to deprive Woody of equal employment opportunities in retaliation for filing a charge of discrimination.

20. The unlawful employment practices complained of in paragraphs 13-18 above were and are intentional.

21. The unlawful employment practices complained of in paragraphs 13-18 above were done with reckless indifference to the federally protected rights of Woody.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against an employee for engaging in protected activity.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who oppose discriminatory practices, file a charge, testify, assist or participate in any manner in an investigation, proceeding or hearing regarding practices made unlawful by Title VII.

C. Order Defendant to make whole Woody by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement, front pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 13-18 above.

D. Order Defendant to make whole Woody by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in

paragraphs 13-18 above, including medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

E. Order Defendant to make whole Woody by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13-18 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Woody punitive damages for its malicious and reckless conduct, as described in paragraphs 13-18 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
5th Floor
Washington, D.C.  20507

/s/ Gregory Gochanour
Gregory Gochanour
Regional Attorney

/s/ Jean P. Kamp
Jean P. Kamp (IL Bar No. 1390635)
Associate Regional Attorney

/s/ Tina Burnside
Tina Burnside (WI Bar No. 1026965)
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, IL 60661
Telephone: (312) 869-8116
Facsimile: (312) 869-8220
jean.kamp@eeoc.gov
tina.burnside@eeoc.gov